**Albert PECHERSKI, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION and Jane Doe, Defendants.**

**No. 79–1325C(1).**

United States District Court, E. D. Missouri, E. D.

Feb. 4, 1980.

On Motion to Set Aside Summary Judgment April 14, 1980.

---

Donald S. Hilleary, Susan B. Blaney, Clayton, Mo., for plaintiff.

James E. McDaniel, Barnard & Baer, St. Louis, Mo., for defendants.

## MEMORANDUM

WANGELIN, Chief Judge.

This matter is before the Court upon defendant General Motors Corporation's motions for summary judgment and to quash purported service on certain of its employees.

In its motion for summary judgment to which plaintiff has not replied, defendant General Motors Corporation contends that there is no genuine issue as to any material fact and that defendant General Motors is entitled to judgment as a matter of law on plaintiff's complaint as to defendant General Motors, who is presently a party defendant based upon the allegations of paragraph 9 of plaintiff's complaint that the nurse, named as Jane Doe in plaintiff's complaint, was an agent and servant of defendant General Motors.

Attached as exhibits to defendant General Motors' motion for summary judgment are plaintiff's claim for compensation filed with the Division of Workmen's Compensation, defendants' answer thereto, the transcript of a compromised settlement entered into between plaintiff and defendant General Motors and a receipt for compensation executed by plaintiff showing that plaintiff was paid a total of Five Thousand Ninety Two Dollars and Fourteen Cents as compensation for his injuries. Plaintiff claimed injury to his right hand and right forearm including "burns of the right forearm and right hand while receiving whirlpool treatments at plant dispensary".

It is clear that there can be no additional recovery from the employer-defendant General Motors Corporation beyond that sanctioned by the Workmen's Compensation statute. Section 287.120(1) RSMo 1969 provides:

Every employer subject to the provisions of this Chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this Chapter . . . and shall be released from all other liability therefor whatsoever, whether to the employee or any other person . . .

This Court does not believe that the doctrine of relative apportionment announced in *Mo. Pac. R.R. Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo.1978) in any way altered the rule of Missouri law that the employer's sole responsibility to a plaintiff-employee for injuries arising out of and in the course of employment is through workmen's compensation. *Trevino v. Norfolk Conveyor Div. of Jervis B. Webb Co.*, No. S 78–39 C (E.D.Mo. Feb. 13, 1979). It is clear that prior to the decision announced in Missouri Pacific no additional recovery was permitted. See § 287.120(2) RSMo 1969; *Brown v. Gamble Const. Co., Inc.*, 537 S.W.2d 685, 689 (Mo.App.D.St.L.1976); *Howard v. Wilson Concrete Co.*, 57 F.R.D. 8,

10 (W.D.Mo.1972); *Sheen v. DiBella*, 395 S.W.2d 296, 298 (Mo.App.D.K.C.1965). It is thus apparent that there is no material fact in controversy and that defendant General Motors Corporation is entitled to judgment as a matter of law.

■ Defendant General Motors Corporation has moved to quash the purported service upon nine of its employees wherein plaintiff attempted to serve the above employees by delivering a form letter from plaintiff's attorney addressed to the Director of Personnel of General Motors Assembly Plant, via the United States Marshal Service. The letter has been attached as an exhibit to the motion. In the opinion of this Court the Court cannot decide such motion inasmuch as the Court is without subject matter jurisdiction. Plaintiff's action was commenced in the Circuit Court of the City of St. Louis and removed by defendant on the basis of diversity of citizenship, 28 U.S.C. § 1441(b). Because of the judgment entered herein defendant General Motors is no longer a party to this controversy and it is not apparent that any other defendant has been properly served and joined herein. Furthermore, the record discloses that the individuals to whom the alias summonses were directed appear to be citizens of both the state of Missouri and the state of Illinois. Accordingly, even if they were to be considered parties to this lawsuit, diversity jurisdiction does not exist. Accordingly, plaintiff's complaint as it relates to the individuals against whom alias summonses were to be issued must be dismissed for lack of subject matter jurisdiction. In this regard, the Court notes that nowhere in plaintiff's amended complaint does plaintiff attempt to set forth the citizenship of those individuals for whom plaintiff has requested alias summonses to issue.

### ON MOTION TO SET ASIDE SUMMARY JUDGMENT

#### *MEMORANDUM AND ORDER*

■ This matter is before the Court upon plaintiff's motions to set aside the February 4, 1980 Order of this Court entering summary judgment in favor of defendant General Motors Corporation and dismissing plaintiff's complaint with respect to those individuals for whom alias summonses were requested, for lack of subject matter jurisdiction, and to remand the above entitled action to the Circuit Court for the City of St. Louis.

In seeking such an order plaintiff would apparently have this Court overrule the logic, if not the holding, of the Supreme Court in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976), inasmuch as plaintiff seeks remand on grounds not authorized by 28 U.S.C. § 1447(c). 28 U.S.C. § 1441(b) provides that diversity cases "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought". Plaintiff named, in his state court petition, General Motors Corporation and Jane Doe, as defendants. Plaintiff takes the position that joinder of Jane Doe as a defendant was a bar to removal of the case by non-resident defendant General Motors Corporation. Prior to 1948, when removal depended on the residence of the parties, the presence of a local defendant, whether served or not, defeated removal jurisdiction. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 539–541, 59 S.Ct. 347, 349–350, 83 L.Ed. 334 (1939). However, § 1441(b) provides quite explicitly that a resident defendant (Jane Doe remains unidentified by plaintiff and it is impossible to determine the citizenship of Jane Doe) who has not been served may be ignored in determining removability. *See* 14 Wright & Miller, Federal Practice and Procedure, § 3723 (1976). *See also Rosack v. Volvo of America Corp.*, 421 F.Supp. 933, 935 (N.D.Calif. 1976), *cert. denied* 430 U.S. 915, 97 S.Ct. 1327, 51 L.Ed.2d 593 (1977).

Since removal was proper there can be no remand pursuant to 28 U.S.C. § 1447(c), as that section authorizes remand only where "the case was removed improvidently *and without jurisdiction.*" (emphasis added).

Accordingly,

26

IT IS HEREBY ORDERED that plaintiff's motion to set aside previous order and remand case to state court be and is DENIED.