tion be found to qualify a general section." 384 F.2d at 129.

■ There is no substance to the debtor's argument. It is clear that Section 517 applies despite the presence of Section 455.

### III

Inasmuch as a Chapter XII arrangement means "any plan which has for its primary purpose the alteration or modification of the rights of creditors ... holding debts secured by real property ... of which the debtor is the ... owner," 11 U.S.C. § 806(1), and inasmuch as HUD, which we hold exempt under Section 517, is the only creditor holding a security interest in the real estate owned by the debtor, we affirm the judgment of dismissal from which the debtor appeals.[17]

Albert PECHERSKI, Appellant,

v.

GENERAL MOTORS CORP. and Jane Doe, Appellees.

No. 80–1153.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1980.

Filed Jan. 13, 1981.

Susan B. Blaney, St. Louis, Mo., for appellant; Donald S. Hilleary, Clayton, Mo., on brief.

James E. McDaniel, Barnard & Baer, St. Louis, Mo., for appellee; Doris J. Banta, St. Louis, Mo., on brief.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

Albert Pecherski, an employee of General Motors, brought this action in Missouri state court against General Motors and its employee denominated as "Jane Doe," a person whose actual identity was unknown, to recover for injuries allegedly caused by negligent medical treatment in a General Motors plant dispensary. General Motors removed the case to federal district court based on diversity of citizenship and the requisite amount in controversy and thereafter obtained a summary judgment of dismissal. on the ground that the Missouri workmen's compensation law bars an em-

ployee's claim against his employer. The district court also dismissed, without prejudice, the action against "Jane Doe" and other defendants for lack of diversity jurisdiction.

Pecherski now appeals, alleging that the district court erred: (1) in not remanding the case to state court for improper removal or, alternatively, for lack of jurisdiction when plaintiff joined several Missouri residents as additional defendants; (2) in declining to reinstate the action against defendants other than General Motors since the dismissal permitted the statute of limitations to run in bar of the action; and (3) in determining that Missouri's workmen's compensation laws barred plaintiff's action against General Motors.[1] We conclude that this case was improperly removed to federal district court and direct the district court to vacate its dismissal order and remand the suit to Missouri state court.

I. *Background.*

On September 27, 1979, Pecherski, a citizen of Missouri, filed a complaint in Missouri state court seeking damages for bodily injuries against General Motors and Jane Doe. Plaintiff alleged that Jane Doe, a fictitious name for a nurse employed by General Motors in its dispensary, acting as an agent and servant of General Motors, negligently administered a whirlpool treatment to Pecherski's hand and wrist, causing him to suffer second-degree burns. In October, Pecherski served General Motors with the complaint and interrogatories. Pecherski also served a subpoena duces tecum on General Motors' custodian of records demanding production at a deposition of the records of the names and addresses of employees who could have administered the treatment to Pecherski.

On October 31, 1979, General Motors, a Delaware corporation with its principal place of business in Michigan, filed a petition for removal based on diversity of citizenship.

On November 2, it filed a motion for summary judgment. After receiving notifi-

cation that General Motors' custodian of records would not testify at a deposition except as provided in the federal rules, Pecherski requested that General Motors produce the names and addresses of employees who could have administered the treatment. On December 13, General Motors partially complied with the request by providing the names of its employees, but furnishing only their work addresses at the General Motors plant in St. Louis, Missouri.

On December 17, 1979, plaintiff filed an amended complaint, adding nine individuals as party defendants. General Motors then moved to quash the service of the summonses upon these defendants at the General Motors plant. Finally, on December 21, 1979, General Motors furnished plaintiff the home addresses of these individuals. The statute of limitations expired two days later. Alias summons were issued upon these individual defendants on January 2, 1980. At this time, Pecherski did not further amend his complaint to allege the citizenship of these individuals, but the record otherwise discloses that most of them resided in Missouri.

On February 4, 1980, the district court granted General Motors' motion for summary judgment and dismissed the claim as to the remaining nine defendants, finding that none had been properly joined or served. *Pecherski v. General Motors Corp.*, 487 F.Supp. 23, 25 (E.D.Mo.1980). The district court subsequently denied plaintiff's motion to set aside the judgment and remand the case to state court.

II. *Discussion.*

Pecherski initially argued in his motion to remand that the case had been improperly removed from state to federal court because General Motors had not established the nonresidency of Jane Doe and, therefore, failed to show diversity between plaintiff and all defendants as required under the removal statute. The district court acknowledged that under *Pullman Co. v. Jenkins*, 305 U.S. 534, 539–41, 59 S.Ct. 347, 349–50, 83 L.Ed. 334 (1939), the presence of

---

1. At oral argument, appellant abandoned this final contention.

a local defendant, whether served or not, defeats removal jurisdiction, but reasoned that Congress had changed the rule enunciated in *Pullman* by amending the removal statute in 1948 to provide that the citizenship of a resident defendant who has not been served need not be considered in determining the propriety of removal. Accordingly, the district court ruled that the case had been removed properly as no service had been effected upon Jane Doe at the time of removal. *Pecherski v. General Motors Corp., supra*, 487 F.Supp. at 25.

On appeal, Pecherski argues that the 1948 amendment to the removal statute did not change the *Pullman* requirements for removal and, therefore, the district court erred in refusing to remand the case to state court. We agree.

In *Pullman*, the plaintiff Jenkins sought damages for the death of her husband, a railroad conductor, resulting from an altercation with a passenger in the Pullman section. Plaintiff sued the Pullman Company, the railroad, the Pullman conductor, the Pullman porter (denominated as John Doe One), and the gate tender at a railroad depot (denominated as John Doe Two). The complaint failed to allege the residence of the Pullman porter, John Doe One. The Pullman Company petitioned for removal, contending that plaintiff's complaint against it was separable from the claims against the passenger, the railroad, and the railroad's employee. The district court found that removal was proper, but the Supreme Court disagreed:

> We think that the fact that the Pullman porter was sued by a fictitious name did not justify removal. His relation to the Pullman Company and his negligence as its servant were fully alleged. See

*Grosso v. Butte Electric Ry. Co.*, [D.C.,] 217 F. 422. Nor does the fact that the residence of the porter was not set forth justify disregarding him. It was incumbent upon the Pullman Company to show that it had a separable controversy which was wholly between citizens of different States. As in determining whether there was such a separable controversy with respect to the Pullman Company its porter could not be ignored, the Company was bound to show that he was a non-resident in order to justify removal.

> * * * [T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. * * * It is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove. *Pullman Co. v. Jenkins, supra*, 305 U.S. at 540–41, 59 S.Ct. at 350 (citations omitted).

Application of the *Pullman* doctrine to the present case would require us to conclude that removal was improper. Under *Pullman*, General Motors had the burden of establishing diversity of citizenship between plaintiff Pecherski and all named defendants, including the Jane Doe defendant, notwithstanding plaintiff's failure to allege her citizenship or serve her with process.

*General Motors* argues, however, that the *Pullman* rule no longer governs the instant situation under the present removal statute. As we have already noted, *Pullman* relied on an earlier removal statute, 28 U.S.C. § 71 (1940).[2] In 1948, Congress adopted the current applicable statute, 28 U.S.C. § 1441 (1976).[3] General Motors particularly relies on section 1441(b), which provides:

**2.** Section 71 provided in pertinent part:

> * * * Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction by Part I of this title, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being non-residents of that State. And when in any suit mentioned in this section there shall be a

controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district.

**3.** Section 1441 provides in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in

(b) * * * Any other such action shall be removable only if none of the parties in interest properly *joined and served* as defendants is a citizen of the State in which such action is brought. [28 U.S.C. § 1441(b) (emphasis supplied).]

General Motors contends that under the "joined and served" language of section 1441(b), a defendant seeking removal need only establish that those defendants who have been properly joined and served are not citizens of the state in which the action is brought. Thus, the presence of the unserved Jane Doe defendant in this case does not prevent removal. We reject this argument.

Despite the "joined and served" provision of section 1441(b), the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal. 1A *Moore's Federal Practice* ¶ 0.168, at 449 (2d ed. 1979); C. Wright, A. Miller & E. Cooper, 14 *Federal Practice and Procedure* ¶ 3723, at 597–98 (1st ed. 1976); *see, e. g., Preaseau v. Prudential Insurance Co. of America*, 591 F.2d 74, 78 (9th Cir. 1979); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969).[4] As the Ninth Circuit enunciated in *Morris, Inc. v. Vitek, supra*, 412 F.2d at 1176,

Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service. [(Footnote omitted).]

In *Preaseau v. Prudential, supra*, 591 F.2d at 78–79, the court further explained:

We then [in *Morris, Inc. v. Vitek*] explicitly rejected the argument that "§ 1441(b), by implication, expanded removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served." [(Citation omitted).]

We agree with this view.

■ The Court in *Pullman* grounded its decision on the requirement of section 71 that a defendant seeking removal based on diversity of citizenship must show that it had a separable controversy which is wholly between citizens of different states. *Pullman Co. v. Jenkins, supra*, 305 U.S. at 538, 540, 59 S.Ct. at 349, 350. *See Morris, Inc. v. Vitek, supra*, 412 F.2d at 1176 n.1 (rejecting the view that *Pullman* turned on a distinction between unserved nonresident and unserved resident defendants). 28 U.S.C. §§ 1441(a) and 1332 (1976) now embody that requirement.[5] Section 1441(b) does not qualify the requirement of complete diversity; rather, it further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought. *See* 14 *Federal Practice and Procedure, supra*, ¶ 3721, at 530; 1A *Moore's Federal Practice, supra*, ¶ 0.168, at 450 n.15. In light of this purpose, we decline to read section 1441(b) as expanding removal jurisdiction, but rather conclude that section 1441(b) did not change the removal requirement set forth in *Pullman* that a court, in determining the propriety

a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) * * * Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4. For further support, *see Schwegmann Bros. Giant Super Markets, Inc. v. Pharmacy Reports, Inc.*, 486 F.Supp. 606, 614–15 (E.D.La. 1980); *Armstrong v. Monex Int'l, Ltd.*, 413

F.Supp. 567, 570 (N.D.Ill.1976); *Sands v. Geller*, 321 F.Supp. 558, 562 (S.D.N.Y.1971); *Wolsum v. J. W. Bateson Co.*, 182 F.Supp. 879, 881 (W.D.Mo.1960); *contra, Duff v. Aetna Casualty and Surety Co.*, 287 F.Supp. 138, 139 (N.D.Okl. 1968); *Robertson v. Nye*, 275 F.Supp. 497, 498 (W.D.Okl.1967).

5. Section 1441(a) allows a defendant to remove an action if the district court has original jurisdiction. 28 U.S.C. § 1332 provides that the district court shall have original jurisdiction if the complaint shows complete diversity between all plaintiffs and all defendants.

of removal based on diversity of citizenship, must consider all named defendants, regardless of service.[6]

■ Ordinarily, therefore, a Jane Doe case may not be removed until the plaintiff files an amendment in state court substituting the names of real parties and the defendant seeking removal thereafter establishes diversity of citizenship between the plaintiff and all named defendants. *Baggett v. Alto Corp.*, 459 F.Supp. 989, 991 (N.D.Ala.1978). Of course, a court may permit removal if the plaintiff's joinder of Doe defendants was fraudulent or such defendants are merely nominal parties against whom no real relief is sought. *See Pullman Co. v. Jenkins, supra*, 305 U.S. at 541, 59 S.Ct. at 350; *Holloway v. Pacific Indemnity Co., Inc.*, 422 F.Supp. 1036, 1038 (E.D.Mich. 1976). Removal also may be proper if the plaintiff dismisses the action against the Doe defendants or actually commences trial of the action without completing service of process. *Id.* at 1038–41 and cases cited therein. Here, however, none of these special circumstances are present. The plaintiff fully alleged Jane Doe's relation to the company and her negligence, and then actively sought her identity in order to complete service of process.

■ We hold, therefore, that the removal was improper in this case because General Motors failed to establish diversity of citizenship between Pecherski and the Jane Doe defendant. Accordingly, we direct the district court to vacate its dismissal as without jurisdiction and remand the case to the state court in which it was originally brought.

---

6. We also note that allowing unserved defendants to be ignored for removal purposes would create needless jurisdictional problems. Because simultaneous service upon multiple defendants is unlikely to occur, removal could be proper one day when service of certain defendants was completed, but improper the next day when all defendants have been served.