Lois **DACHENBACH**, Plaintiff,

v.

**PAMIDA, INC., et al.,** Defendants.

Civ. No. 87–872–B.

United States District Court,
S.D. Iowa, C.D.

March 2, 1988.

Michael J. Lane, Gayle Nelson Vogel, Knoxville, Iowa, Steven L. Nelson, Mark J. Wiedenfeld, Claude Freeman, Grefe & Sidney, Des Moines, Iowa, for defendants Pamida, Inc., & Allan Noddle.

VIETOR, Chief Judge.

The court has before it plaintiff's fully resisted and submitted motion to remand. Plaintiff filed this personal injury suit in Iowa District Court in and for Lucas County on May 1, 1987, against defendants Pamida Incorporated (Pamida), and Allan Noddle. Pamida was served with a copy of the complaint on May 9, 1987. Defendant Noddle was not served until October 22, 1987. Defendants Pamida and Noddle filed a petition for removal in this court on November 10, 1987. Plaintiff moves to remand on the theory that defendant Pamida could have removed without Noddle's consent within the thirty days after May 9, 1987, and having failed to do so, is now barred from removing or consenting to removal. Defendants assert that the action became removable on October 22, 1987, less than 30 days before removal, when Noddle was served.

## REMOVAL JURISDICTION AND PROCEDURE

■ Section 1441 of Title 28 of the United States Code in part provides:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The "defendant or the defendants" language requires that all defendants, except nominal and formal defendants, join in the removal. *See Chicago, Rock Island & Pacific Railway v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir.1985); *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272 (7th Cir.1982); *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326–27 (5th Cir.1970); *Bradley v. Maryland Casualty Co.*, 382 F.2d 415, 419 (8th Cir.1967). Removal jurisdiction is more limited than the district court's original jurisdiction because civil actions based on the district court's diversity of citizenship jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b).

Section 1446 of Title 28 of the United States Code governs procedure for removal. This section in part provides:

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

## DISCUSSION

■ Both Pamida and Noddle are citizens of states other than Iowa, and both joined in the removal petition. The issue is whether Pamida, having failed to remove within thirty days of May 9, 1987, the date it was served, may now remove or consent to removal by Noddle. Courts and commentators agree that Pamida may not. As noted above, the general rule is that all defendants must join in a removal petition. An exception to this rule is that the consent of unserved defendants need not be obtained. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334; *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir.1985); *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1200 (D.R.I.1986); 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.168[3.–5–5] (2d ed. 1987); 14A

C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3731, at 509–10 (2d ed. 1985). Thus, the thirty days begins to run with service on the first defendant. If that defendant allows the time to expire without removing the case to federal court, that defendant may not later consent to a petition for removal filed by a later served defendant. *See Gorman v. Abbott Laboratories,* 629 F.Supp. 1196, 1200–04 (D.R.I. 1986); *Oritz v. General Motors Acceptance Corp.,* 583 F.Supp. 526, 529 (N.D.Ill. 1984); *Balestrieri v. Bell Asbestos Mines, Ltd.,* 544 F.Supp. 528, 530 (E.D.Pa.1982); *Friedrich v. Whittaker Corp.,* 467 F.Supp. 1012, 1014 (S.D.Tex.1979); *Perrin v. Walker,* 385 F.Supp. 945, 947–48 (E.D.Ill.1974); *Transport Indemnity Co. v. Financial Trust Co.,* 339 F.Supp. 405, 409 (C.D.Cal. 1972); 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.168[3.–2–2] (2d ed. 1987), *see also, Doyle v. Rock Island Motor Transit Co.,* Civ. No. 79–474–B, slip op. at 2 (S.D.Iowa 1980).

Defendants assert, however, that the Court of Appeals for the Eighth Circuit has rejected the unserved defendants exception, citing *Pecherski v. General Motors,* 636 F.2d 1156 (8th Cir.1981). In *Pecherski,* plaintiff sued General Motors and "Jane Doe," and unidentified nurse employed by General Motors, in state court, to recover for injuries allegedly caused by negligent medical treatment in a General Motors plant dispensary. *Id.* at 1157–58. General Motors removed to federal court, alleging diversity of citizenship. *Id.* at 1157. The Court of Appeals held that removal was improper because General Motors failed to demonstrate diversity of citizenship between Pecherski and the unserved Jane Doe defendant. *Id.* at 1161. In so holding the court rejected General Motors' assertion that the 1948 amendments to the Judicial Code modified the rule in *Pullman Co. v. Jenkins,* 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939). *Pullman,* like *Pecherski,* involved a failure by the removing defendant to demonstrate diversity between the plaintiff and an unserved Doe defendant. *See* 305 U.S. at 540, 59 S.Ct. 350. The Court of Appeals reasoned that the amended statute, which provides: "Any

other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought", 28 U.S.C. § 1441(b), was intended to limit, not expand removal jurisdiction. *See Pecherski,* 636 F.2d at 1160. The court held that the amendment does not alter the rule that a removing defendant must establish diversity of citizenship jurisdiction, and that the citizenship of an unserved party may not be ignored. *See id.* at 1160–61. Thus, *Pecherski* is not inconsistent with the proposition that all properly joined and served defendants must consent to removal, and its corollary that served defendants need not obtain the consent of unserved nonresident defendants to effect removal.

Defendant Pamida let its thirty days slip by without removing to this court. Pamida had until June 8, 1987, to petition for removal. Because Noddle was at that time unserved, Pamida could have removed without Noddle's consent. Under the consistent authority cited above, having failed to remove within the thirty days, Pamida may not now remove or consent to removal. Defendants' assertion that the case became removable after service on Noddle is without merit. Accordingly, the case was improvidently removed, and shall be remanded. 28 U.S.C. § 1447(c).

Plaintiff seeks her costs and attorney fees in obtaining a remand, but has not provided an account of the amount claimed. Defendants posted a $500.00 bond when they petitioned for removal. Costs, including plaintiff's reasonable attorney fees in seeking remand, but not exceeding the amount of bond, will be taxed to defendants. *See id.* Plaintiff shall have to and including March 15, 1988, to file an itemized statement of plaintiff's fees and costs.

## RULING AND ORDER

The motion to remand is GRANTED and IT IS ORDERED that this case be remanded to the Iowa district Court for Lucas County.