**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 15, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROSE WOODS,

    Plaintiff - Appellant,

v.

ROSS DRESS FOR LESS, INC., a foreign corporation,

    Defendant - Appellee,

and

MEGAN BUTLER, an individual,

    Defendant.

No. 19-5089
(D.C. No. 4:18-CV-00327-TCK-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Rose Woods tripped and fell over a "Ross is hiring" sign outside a Ross Dress for Less, Inc. ("Ross") store in Oklahoma. She sued Ross and the store's manager, Megan Butler, in Oklahoma state court, seeking damages under state law. Ross removed the action to federal court, invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court denied Ms. Woods's motion to remand and granted summary judgment in favor of Ross. Ms. Woods appeals both rulings. Because the district court erred in denying the motion to remand and lacked jurisdiction to enter summary judgment, we reverse and remand with instructions to vacate the judgment and either ascertain a basis for federal jurisdiction or remand the action to state court.

## I. BACKGROUND

Ms. Woods was attempting to enter a Ross store in Broken Arrow, Oklahoma, when she tripped and fell over a "Ross is hiring" sign that had fallen near the store's entrance. Ms. Butler was the store manager on duty. Ms. Woods and Ms. Butler are citizens of Oklahoma. Ross is a non-Oklahoma corporation that is headquartered and has its principal place of business in California.

Ms. Woods sued Ross and Ms. Butler in Oklahoma state court, asserting premises liability under Oklahoma state law. After Ms. Woods served Ross but before she could serve Ms. Butler, Ross removed the action to the U.S. District Court for the Northern District of Oklahoma, invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See* 28 U.S.C. § 1441(a) (authorizing removal of an action that could originally have been filed in federal court). Ross asserted Ms. Butler's nondiverse citizenship did not affect diversity because she had not been served. It relied on 28 U.S.C. § 1441(b)(2), which bars diversity-based removal if any "properly joined and served" defendant is a citizen of the forum state.

Ms. Woods moved to remand, arguing removal was improper under §§ 1441(a) and 1332(a)(1) because she and Ms. Butler were both citizens of Oklahoma. Ms.

2

Woods contended Ms. Butler's citizenship must be considered even though she had not been served.

The district court denied Ms. Woods's remand motion in a three-page order. Overlooking § 1441(a) and the lack of diversity under § 1332(a)(1), the court relied on § 1441(b)(2). It held removal was appropriate because no "properly joined and served" defendant was an Oklahoma citizen at the time of removal. *Id*. at 50. Ms. Butler has remained a named defendant to this day.

Ross moved for summary judgment, which the district court granted. Ms. Woods timely appealed the court's denial of remand and grant of summary judgment.

## II. **DISCUSSION**

The district court erred in denying the motion to remand. It lacked removal jurisdiction under § 1441(a) and § 1332(a)(1) and lacked diversity subject matter jurisdiction to enter summary judgment because Ms. Woods and Ms. Butler were not diverse. We thus do not reach the merits of the summary judgment.

### A. *Legal Background*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "We must presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 840 F.3d 1183, 1189 (10th Cir. 2016) (quotations omitted). We "review de novo the district court's denial of a motion to remand for lack of removal jurisdiction." *Salzer v. SSM Health Care of Okla. Inc*., 762 F.3d 1130, 1134 (10th Cir. 2014) (citing *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001)).

3

1. **Removal Based on Diversity Jurisdiction**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States" where the action is pending. 28 U.S.C. § 1441(a); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005). To warrant removal under § 1441(a) based on diversity jurisdiction, the matter must satisfy (a) § 1332(a)'s diversity requirements and (b) § 1441(b)(2)'s limitation on diversity-based removal.

a. *Sections 1332(a) and 1441(a)*

A federal court has original jurisdiction based on diversity if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[T]he statutory formulation 'between . . . citizens of different States' . . . require[s] complete diversity between all plaintiffs and all defendants." *Roche*, 546 U.S. at 89 (quoting *Caterpillar v. Lewis*, 519 U.S. 61, 68 (2005)). Courts generally determine diversity based on the citizenship of the parties named in the complaint. *See id*. at 84.[1]

_____

[1] An exception to this rule occurs when a party has been fraudulently joined to defeat federal jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 987-88 (10th Cir. 2016) (describing fraudulent-joinder analysis). Ross suggested at oral argument that Ms. Butler could be ignored for purposes of diversity because she had been fraudulently joined. Because Ross did not raise this argument in its brief on appeal, we decline to consider it here. *See Rivero v. Bd. of Regents of the Univ. of N.M.*, 950 F.3d 754, 760 n.5 (10th Cir. 2020); *see also* 14C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure – Jurisdiction and Related Matters* § 3723.1 (4th ed., July 2020 update) ("A contention that the plaintiff has engaged in fraudulent joinder must be alleged with particularity by the party seeking removal, and supported by clear and convincing evidence.").

4

When diversity jurisdiction is the basis for removal, diversity must exist both at the time the action is filed in state court and at the time the case is removed to federal court. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71, 574 (2004); 14C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure – Jurisdiction and Related Matters* § 3723 (4th ed., July 2020 update) ("Wright & Miller"). Under the "time-of-filing" rule, the citizenship of every plaintiff must be diverse from the citizenship of every defendant when the complaint is filed. *Grupo Dataflux*, 541 U.S. at 570-71. Under § 1441(a), there also must "be complete diversity at the time of removal." *Id.* at 574.

A defendant's citizenship is part of the diversity analysis regardless of whether the defendant has been served. *See United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995). "[T]he existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998); *see Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 217-18 (7th Cir. 1997) (same); *see also* Wright & Miller §§ 3723, 3723.1.

---

Although the dissent agrees that the parties have not raised the issue of fraudulent joinder, it speculates that Ms. Butler "appears" to have been fraudulently joined. Dissent at 5 n.1. It relies on circumstantial evidence that falls short of the clear-and-convincing standard. And it ignores that Ms. Woods expressly argued in her opening brief that she did not fraudulently join Ms. Butler. Aplt. Br. at 7-10. Ross did not contest this argument. Aplee. Br. at 5.

5

b. *Section 1441(b)(2)*

Section 1441(b)(2), known as the "forum defendant rule," imposes an additional limitation on diversity-based removal beyond the requirements of § 1441(a). Even if § 1332(a)'s complete-diversity and amount-in-controversy requirements are met for purposes of § 1441(a), § 1441(b)(2) bars removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Section 1441(b)(2) concerns "the presence of a diverse but in-state defendant." *Roche*, 546 U.S. at 90 n.6; *see* Wright & Miller § 3723 (Section 1441(b)(2) "implies that a diverse but resident defendant who has not been served may be ignored in determining removability."). It "does not qualify the requirement of complete diversity." *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981). "[R]ather, it further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought." *Id.*

2. **Curing a Jurisdictional Defect**

"Subject-matter jurisdiction can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and generally "is determined based on the facts as they existed at the time the complaint was filed," *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)). If a district court concludes it lacks subject matter jurisdiction over a removed action before a judgment has been entered, the case

6

generally must be remanded to state court.  28 U.S.C. § 1447(c); *see City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1092 (10th Cir. 2017).

The Supreme Court has held, however, that "a district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication *if federal jurisdictional requirements are met at the time judgment is entered*." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 64 (1996) (emphasis added) (holding that an improper removal based on incomplete diversity did not require the district court to vacate the judgment when complete diversity existed by the time judgment was entered).[2]  To cure a diversity jurisdiction defect in an improperly removed case before judgment is entered, a district court must dismiss the nondiverse party or deem that party fraudulently joined.  *See Ravenswood*, 651 F.3d at 1223; Wright & Miller § 3723.

The Supreme Court also has recognized that when a district court enters a final judgment despite the presence of a nondiverse defendant, a court of appeals may dismiss the nondiverse defendant under Federal Rule of Civil Procedure 21 to achieve diversity if the defendant is dispensable under Rule 19(b).  *Newman-Green, Inc. v. Alfonzo-Larrain*,

---

[2] Later in the opinion, *Caterpillar* drew a contrast with *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951), in which "the requisite diversity jurisdiction . . . existed neither at the time of removal nor at the time of judgment."  519 U.S. at 71.  *Finn* "held that the absence of federal jurisdiction at the time of judgment required the Court of Appeals to vacate the District Court's judgment."  *Id.*; *see RMP Consulting Grp. v. Datronic Rental Corp.*, 189 F.3d 478 (table), 1999 WL 617690, at *3 (10th Cir. 1999) (unpublished) (citing *Finn* for this principle).  As discussed below, the Court in *Newman-Green v. Alfonzo-Larrain*, 490 U.S. 826, 837-38 (1989), recognized, without mentioning *Finn*, a narrow and discretionary exception.

490 U.S. 826, 837-38 (1989) ("[T]he courts of appeals have the authority to dismiss a dispensable nondiverse party . . . ."). But "such authority should be exercised sparingly" and with "careful[] consider[ation] [of] whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation." *Id.* If factual disputes arise, a district court generally is "in a better position to make the prejudice determination." *Id.* at 838; *see Ravenswood*, 651 F.3d at 1225 (declining to dismiss a nondiverse defendant because "the fact-finding inherent in Rule 19 determinations is best left to the district court in the first instance").

## B. *Analysis*

The district court erred in denying Ms. Woods's motion to remand. It overlooked that removal was improper under § 1441(a) for lack of diversity under § 1332(a)(1). It then mistakenly proceeded to rely on the "properly joined and served" language of § 1441(b)(2) to deny the motion to remand because Ms. Butler had not been served. *See Pecherski*, 636 F.2d at 1160; *N.Y. Life Ins. Co.*, 142 F.3d at 883. The court erred because Ross needed to show federal diversity jurisdiction under § 1441(a) before § 1441(b)(2)'s limitation on diversity-based removal could even come into play. Because there was not "complete diversity between all named plaintiffs and all named defendants," *Roche*, 546 U.S. at 84, and no other basis for federal jurisdiction existed, the court lacked removal jurisdiction under § 1441(a).

Unlike the district court in *Caterpillar*, 519 U.S. at 64, the district court here did not attempt to cure this jurisdictional defect by dismissing Ms. Butler before it entered summary judgment. It therefore lacked subject matter jurisdiction to do so.

8

Although *Newman-Green* gives us discretion on appeal to dismiss Ms. Butler if she is a dispensable, nondiverse defendant, we choose not to do so under the circumstances of this case. Because neither party asked for a Rule 21 dismissal of Ms. Butler or addressed Rule 19(b) dispensability in their briefs,[3] we have not been fully apprised of the parties' views about Ms. Butler's dispensability. In any case, the district court is better left to consider that issue in the first instance. *See Ravenswood*, 651 F.3d at 1225 (reaching that conclusion even though the parties briefed the dispensability issue); *see also Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976) (stating the general principle that "a federal appellate court does not consider an issue not passed upon below," but acknowledging exceptions to this principle).

Further, unlike *Newman-Green*, which started in federal district court, this action started in state court. Its improper removal therefore deprived Ms. Woods of her choice of forum. Whether this deprivation prejudiced Ms. Woods is also better first addressed by the district court, which is familiar with the record and history of this action. We therefore reverse and remand.[4]

---

[3] In a Rule 28(j) letter filed after oral argument, Ross argued for the first time that Ms. Butler should be dismissed as a dispensable party. Doc. 10739385. But Ross has not addressed how the Rule 19(b) dispensability factors apply to this case. *See id.* (noting that dispensability is governed "by the factors set forth in Rule 19(b)" without identifying those factors or explaining why they support Ms. Butler's dismissal).

[4] This approach also avoids the risk of our producing something akin to an advisory opinion by addressing the merits of a summary judgment motion that the state court should have addressed in the first instance and may address on remand. This is so because *Caterpillar* and *Newman-Green* permit dismissal of the nondiverse party only to

## C. *The Dissent*

The dissent insists we must sua sponte dismiss Ms. Butler to cure the district court's lack of subject matter jurisdiction. We choose not to do so for the reasons stated above. We address some of the dissent's points here.

### 1. *Newman-Green* **Dismissal Is Discretionary**

The dissent urges that *Newman-Green*, read together with *Caterpillar*, requires us to sua sponte dismiss Ms. Butler under the circumstances here. Dissent at 13-25. But the dissent understates the discretionary and prudential nature of taking such action.

Although *Newman-Green* allowed a court of appeals to consider whether it should dismiss a nondiverse and possibly dispensable defendant to cure a jurisdictional defect and preserve an otherwise valid district court judgment, it did not mandate this course. 490 U.S. at 833-34, 837-38. Indeed, the Court recognized that the district court may be

---

preserve an otherwise valid judgment. *See Caterpillar*, 519 U.S. at 75-77; *Newman-Green*, 490 U.S. at 837-38.

To consider whether we can cure the jurisdictional defect instead of leaving that question to the district court, we would thus first have to decide whether the district court entered "a proper judgment," Dissent at 3, before we could consider whether to dismiss Ms. Butler. And if we were to conclude that the district court erred on the merits and the judgment was improper, then we would be unable to dismiss Ms. Butler under *Caterpillar* and *Newman-Green*. Instead, we would opine on the merits, vacate the district court's grant of summary judgment, and remand to the district court with instructions to remand to the state court, where the case would start over. Although the dissent suggests that the state court would "benefit from being advised of [our] reasoning" on the merits, Dissent at 20, federalism and subject-matter jurisdiction concerns caution against advising the state court of how summary judgment should be decided. This scenario also shows that if we consider whether to cure the jurisdictional defect but reverse the district court on the merits, we may not necessarily conserve judicial resources, as the dissent insists.

more suited to examine this question in the first instance. 490 U.S. at 838; *see* Wright & Miller § 1688.1. Almost seven years later in *Caterpillar*, the Court reiterated that in *Newman-Green*, "we recognized that, ordinarily, district courts are better positioned to make such judgments." 519 U.S. at 76.[5]

The dissent attempts to support a more prescriptive reading of *Newman-Green* by repeatedly quoting a statement in *Caterpillar* that "[o]nce a diversity case has been tried in federal court, with rules of decision supplied by state law under the regime of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), considerations of finality, efficiency, and economy become overwhelming." Dissent at 3, 10, 18 (quoting *Caterpillar*, 519 U.S. at 75); *see id.* at 20 (relying on similar language in *Caterpillar*). But the dissent uses this quote out of context.

First, *Caterpillar* itself distinguished between jurisdictional defects that persist through judgment and those that do not. The Court stated, "Despite a federal trial court's threshold denial of a motion to remand, if, at the end of the day and case, a *jurisdictional* defect remains uncured, the judgment must be vacated." 519 U.S. at 76-77 (citing *Finn*, 341 U.S. at 18; Fed. R. Civ. P. 12(h)(3)). The Court encouraged curing jurisdictional

_____

[5] The dissent argues we should not remand the issue of Ms. Butler's dispensability because the Supreme Court in *Newman-Green* required the Seventh Circuit to dismiss the nondiverse party rather than remand the dismissal issue to the district court. Dissent at 16. But *Newman-Green*'s procedural context undercuts this argument. The original circuit panel dismissed the nondiverse defendant instead of remanding the question to the district court. 832 F.2d 417, 420 (7th Cir. 1987). The en banc court reversed the panel, holding that a court of appeals may not dismiss a nondiverse party to achieve diversity. 854 F.2d 916, 923-25 (7th Cir. 1988). The Supreme Court reversed that holding, effectively restoring the panel decision. 490 U.S. at 828-30, 837-38.

11

defects to avoid "impos[ing] . . . cost[s] on our dual court system," but only when "no jurisdictional defect lingered through judgment in the District Court." *Id.* at 77.

Second, the Supreme Court in *Grupo Dataflux* cautioned against applying the *Caterpillar* statement about the "overwhelming" "considerations of finality, efficiency, and economy" when a jurisdictional defect persists through judgment. The Court acknowledged the statement "was indeed the crux of analysis in *Caterpillar*," but said it "was analysis of a different issue." *Grupo Dataflux*, 541 U.S. at 573. That is, the statement "related not to cure of the *jurisdictional* defect, but to cure of a *statutory* defect, namely, failure to comply with the requirement of the removal statute, 28 U.S.C. § 1441(a), that there be complete diversity at the time of removal." *Id.* at 574; *accord id.* at 572 ("This statement unquestionably provided the *ratio decidendi* in *Caterpillar* . . . ."). *Grupo Dataflux* thus confirmed that the *Caterpillar* efficiency statement did not speak to when a district court enters judgment without having subject matter jurisdiction.

2. **Reliance on *Huffman* Misplaced**

The dissent argues that *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072 (10th Cir. 1999), is "compelling precedent" for the approach it urges here. Dissent at 22. We disagree.

In *Huffman*, we held that the defendant's removal of the case from state to federal court was untimely but that the failure to comply with the statutory deadline did not require remand to the state court. Relying on *Caterpillar*, we said "a defect in removal procedure does not warrant a remand to state court *if subject matter jurisdiction existed at the time the district court entered judgment*." *Id.* at 1080 (emphasis added).

12

*Huffman* is distinguishable because (1) it concerned a non-jurisdictional removal defect relating to a statutory deadline and (2) the district court had diversity jurisdiction from the time the case was removed to final judgment. Here, by contrast, (1) the removal defect was lack of diversity jurisdiction and (2) the district court lacked jurisdiction from the time of removal to when it entered judgment.[6] The dissent's suggestion of discord between this opinion and *Huffman* fails to account for these distinctions. Dissent at 22.

3. **Dismissal not "Inevitable" on Remand**

The dissent attempts to build on its efficiency argument by asserting that if we remand, dismissal of Ms. Butler is "virtually inevitable," "a foregone conclusion." Dissent at 2, 12. We are not so sure.

Rule 21 provides that a "court may . . . drop a party," not must. This court has recognized that "whether a party is indispensable and whether a dispensable party may be dismissed to maintain diversity—depend on [a] court's careful exercise of discretion." *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369 (10th Cir. 1998). As *Newman-Green* recognized, the exercise of this discretion involves questions about prejudice that district courts are better positioned to address in the first instance. 490 U.S. at 837-38. On remand here, the district court, with the benefit of briefing on the dispensability issue that was not presented to us, and based on its obvious error in denying Ms. Woods's motion to remand and depriving her of her chosen state court

---

[6] *Huffman*, citing *Caterpillar*, appeared to acknowledge that procedural defects like untimely removal are less concerning than jurisdictional ones that persist through judgment. *See* 194 F.3d at 1079-80.

forum, might remand the case to state court instead of dismissing Ms. Butler to obtain diversity jurisdiction.

4. **Ms. Woods's Positions**

The dissent downplays Ms. Woods's objections to the district court's lack of diversity jurisdiction and contends she supports dismissing Ms. Butler to cure the diversity defect. We disagree.

First, the dissent claims Ms. Woods did not challenge the district court's diversity jurisdiction in her briefs. Dissent at 10-13. But she raised lack of diversity jurisdiction both in her motion to remand in district court and in her briefs on appeal. *See* App. at 35 ("There is no Diversity of Citizenship, Therefore This Court Lacks Subject Matter Jurisdiction and Must Remand."); *id.* at 36 (Ms. Woods's argument in her motion to remand that because she and Ms. Butler were not diverse, "clearly there is no diversity of citizenship and jurisdiction is not proper"); Aplt. Br. at 10-13 (arguing that because Ms. Butler is an Oklahoma citizen, the district court lacked subject-matter jurisdiction); Aplt. Reply Br. at 1-4 (similar).[7]

---

[7] The dissent objects that some of Ms. Woods's arguments about diversity of citizenship in her opening brief cited the removal statute, 28 U.S.C. § 1441, instead of the diversity jurisdiction statute, 28 U.S.C. § 1332. Dissent at 10-11. But Ms. Woods has consistently argued that Ms. Butler destroys complete diversity. And the removal and diversity jurisdiction statutes are intertwined: § 1441 requires complete diversity because it is a jurisdictional prerequisite. Explaining removal based on diversity jurisdiction, we said, "[A]n inquiry into the propriety of removal under § 1441(b) necessarily incorporates an inquiry into subject matter jurisdiction." *Dalrymple v. Grand River Dam Auth.*, 145 F.3d 1180, 1185 (10th Cir. 1998).

14

No one contends the district court acquired diversity jurisdiction before it entered summary judgment. Further, even if Ms. Woods did not express the obvious—that the court lacked diversity jurisdiction to enter summary judgment—a court's subject matter jurisdiction "can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Second, although at oral argument Ms. Woods's counsel, in confusing and tentative statements, seemed to disfavor a remand to the district court to dismiss Ms. Butler, Oral Arg. at 8:49-9:24, 39:08-39:49,[8] he also said that without diversity jurisdiction, "*an* appropriate resolution would be . . . to reverse and send [this action] back to district court with directions to remand [to the state court]." Oral Arg. at

---

[8] In Ms. Woods's opening argument, counsel said:
> I'm suggesting we should amongst all of us, be able to figure out a way that we don't have to remand simply for the purpose of dismissing that defendant who has not been served within 180 days and then either starting over, the court brings it back just for argument on the second issue [i.e., Ms. Woods's challenge to the merits of summary judgment]. That just all does not make much sense to me, although I'm sensitive to the concept that you've got to have appellate jurisdiction.

Oral Arg. at 8:49-9:24.
> During rebuttal, counsel argued:
> What we need to do is imaginatively figure some way that we can resolve the jurisdictional question, whether that involves an interim remand to the trial court for the limited purpose of dismissing the unserved defendant and then bring it back to the Tenth Circuit, which doesn't make too much sense, or I'm not clear, but what the court can [sic] reverse on the open and obvious defense issue and simply remand and direct the court to dismiss the . . . [interrupted by panel member].

*Id.* at 39:08-39:49.

11:51-12:13 (emphasis added). Rather than attempt to reconcile conflicting statements from the give and take of oral argument, we look to Ms. Woods's briefs. There, she argued that Ms. Butler was a properly joined defendant, that the district court erred in ignoring her citizenship for purposes of subject matter jurisdiction, and that this court should remand the action to state court so she can pursue her claims against both Ross and Ms. Butler. *See, e.g.*, Aplt. Br. at 5-6 ("The case should be remanded to the District Court of Tulsa County for further proceedings . . . based on Ross and Butler's negligence."); Reply Br. at 1-4, 13 (arguing that there is a lack of complete diversity and urging remand to state court).

Ms. Woods has consistently challenged the district court's diversity jurisdiction and argued that her case belongs in state court.

## III.  **CONCLUSION**

Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand to the district court with instructions to vacate the summary judgment and either ascertain a basis for federal jurisdiction or remand to state court.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

16