# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-3817
_____

M & B Oil, Inc.

*Plaintiff - Appellant*

v.

Federated Mutual Insurance Company; City of St. Louis

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: December 13, 2022
Filed: May 1, 2023
_____

Before SMITH, Chief Judge, ARNOLD and STRAS, Circuit Judges.
_____

STRAS, Circuit Judge.

This case involves a rare procedural maneuver called snap removal. Federated Mutual Insurance Company removed an insurance dispute to federal court before the plaintiff, M & B Oil, Inc., "properly joined and served" one of the defendants, the City of St. Louis. 28 U.S.C. § 1441(b)(2). The question is whether this maneuver eliminates the requirement of complete diversity. *See id.* § 1332(a). The

answer is no, so we vacate the order denying remand and send this case back for a second look.

I.

M & B suffered a water leak that allegedly caused over $400,000 in property damage. After Federated denied coverage, M & B brought a state-law claim for breach of contract based on a "[v]exatious refusal to pay" in Missouri state court. Mo. Rev. Stat. § 375.420 (emphasis omitted). It was, in other words, a run-of-the-mill insurance dispute.

Except for one thing: Federated was not the only defendant. M & B also sued St. Louis under a detrimental-reliance theory for failing to "shut off the water" as promised.

In an unusual procedural twist, however, Federated filed a notice of removal in federal court before M & B could properly serve St. Louis, the only non-diverse defendant. Federated's position was that complete diversity existed: it was a Minnesota corporation, M & B was a citizen of Missouri, and St. Louis was not yet part of the case. *See* 28 U.S.C. § 1332(a); *see also id.* § 1332(c)(1) (explaining that "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated"); *id.* § 1441(a) (allowing for the removal of civil suits within the "original jurisdiction" of the district courts).

The next procedural wrinkle was that M & B filed an amended complaint to add an inverse-condemnation claim against St. Louis. *See Byrom v. Little Blue Valley Sewer Dist.*, 16 S.W.3d 573, 576–77 (Mo. banc 2000) (describing inverse-condemnation claims). The new claim alleged that St. Louis was responsible for the property damage due to its "unreasonable" use and maintenance of "the [building's] water[-]piping system." *See id.*

Fresh off amending its complaint and serving St. Louis, M & B shifted its focus to returning the case to state court. In a motion to remand, it argued that subject-matter jurisdiction was absent because there were Missouri citizens on both sides. *See* 28 U.S.C. § 1332(a)(1); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (explaining that § 1332(a)(1) "require[s] complete diversity between all plaintiffs and all defendants").

A federal magistrate judge[1] denied the motion, but only because St. Louis did not officially become part of the case until after it was "properly joined and served," which occurred *after* Federated had removed it. 28 U.S.C. § 1441(b)(2). The snap removal, in other words, had cured the lack of complete diversity. And nothing that happened later, including the filing of an amended complaint, made any difference.

Ordinarily, a decision denying remand is not immediately appealable. *See id.* § 1291; *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (explaining that "[a]n order denying a motion to remand, standing alone, is obviously . . . not final and immediately appealable" (brackets and quotation marks omitted)). Here, however, the magistrate judge certified the order for immediate review under 28 U.S.C. § 1292(b). The case presents two novel questions: are "'snap removals' [] permitted . . . and, if so, under what circumstances [will] amendments" to the pleadings "warrant remand"? *See* 28 U.S.C. § 1292(b) (requiring "a controlling question of law as to which there is substantial ground for difference of opinion"). So we allowed the appeal to proceed.

II.

We are asked to decide whether this case can stay in federal court. Our review is de novo. *See ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011).

---

[1]A magistrate judge heard the case by "consent of the parties." 28 U.S.C. § 636(c)(1).

A.

Federal district courts have original jurisdiction over civil suits "between . . . citizens of different States" when "the matter in controversy exceeds . . . $75,000." 28 U.S.C. § 1332(a). The statute contains an important judicial gloss: the parties must be completely diverse from one another. *See Lincoln Prop.*, 546 U.S. at 89 (noting that courts have interpreted the nearly identically worded grant of jurisdiction in Article III differently); *see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267–68 (1806). *No* plaintiff can be a citizen of the same state as *any* defendant. *See Caterpillar*, 519 U.S. at 68.

The presence of complete diversity and an amount in controversy over $75,000 gives plaintiffs the first crack at filing in federal court. *See Lincoln Prop.*, 546 U.S. at 89. The defendants then get the second chance, a "corresponding opportunity" to transfer the case to federal court through a process called removal. *Id.*

Removal has its own set of rules. Perhaps the most important one is that it is only available if "original jurisdiction" exists. 28 U.S.C. § 1441(a). By original jurisdiction, we mean the case must satisfy the same requirements as if it had "initially been filed" here: complete diversity and over $75,000 in controversy. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000). No one disputes that the amount in controversy exceeds $75,000, and both the magistrate judge and Federated thought that complete diversity existed because removal occurred before M & B served St. Louis.

There is only one problem: service does not matter in evaluating the diversity of the parties. *See Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160–61 (8th Cir. 1981); *see also* 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.52[1] (3d ed. 2023) (declaring that "whether defendants have been served is irrelevant; diversity for purposes of removal is based on the citizenship of all the parties named in the complaint"). The citizenship of "all named plaintiffs and all

-4-

named defendants" count, *Lincoln Prop.*, 546 U.S. at 84, "regardless of service," *Pecherski*, 636 F.2d at 1161.

Under that rule, today's case is "a fish out of water" in federal court. *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 139 (1st Cir. 2004). From the beginning, M & B sued two defendants: St. Louis and Federated. One of them is a fellow Missourian, so there has never been complete diversity. And without complete diversity, there is no "original jurisdiction." 28 U.S.C. § 1441(a).

B.

Snap removal has nothing to do with the complete-diversity requirement. It offers a potential solution to a different problem: the forum-defendant rule. *See Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (en banc); *see also Couzens v. Donohue*, 854 F.3d 508, 513 (8th Cir. 2017). First enacted in 1887, the forum-defendant rule keeps certain "otherwise[-]removable" cases in state court if any "properly joined and served" defendant "is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b)(2); *see Holbein*, 983 F.3d at 1057.

So what happens if the action is removed before the plaintiff "properly join[s] and serve[s]" the forum-state defendant? 28 U.S.C. § 1441(b)(2). Although we have yet to weigh in on the question, many courts have held that the forum-defendant rule does not apply. A defendant can remove the case to federal court, assuming there is "original jurisdiction," if the forum-state defendant has yet to be "properly . . . served." *Id.*; *see Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485–87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 151–54 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001).

Even if we assume these courts are right, snap removal cannot cure a lack of complete diversity. Remember that the forum-defendant rule only applies when the case is, in the words of the statute, "otherwise removable," meaning there is "original

jurisdiction." 28 U.S.C. § 1441(a), (b)(2). It then *adds* a further limitation based on the citizenship of the defendant. It does not *subtract* the requirement that the parties be completely diverse. *See Pecherski*, 636 F.2d at 1160; *see also In re Levy*, 52 F.4th 244, 247 (5th Cir. 2022) (per curiam) (describing the forum-defendant rule as a "further limitation" on the right to remove).

Indeed, as we recently explained, the forum-defendant rule is not jurisdictional at all. *See Holbein*, 983 F.3d at 1053. Violating it does not destroy jurisdiction. *Id.* Complying with it cannot create jurisdiction either. *See Pecherski*, 636 F.2d at 1160; *Levy*, 52 F.4th at 247–48. Snap removal or not, an absence of complete diversity makes a federal forum unavailable. *See* 28 U.S.C. §§ 1441(a), 1447(c).

C.

Except in one situation: when a plaintiff has fraudulently joined a non-diverse defendant. *See Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809–11 (8th Cir. 2003). There is reason to doubt that any fraudulent-joinder argument will succeed now that M & B has amended its complaint to include an inverse-condemnation claim against St. Louis. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) (noting that the addition of a claim against a non-diverse third-party defendant destroyed complete diversity "just as surely as if [the plaintiff] had sued [the third-party defendant] initially"); *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307 (8th Cir. 2009) (recognizing that joinder of a non-diverse defendant following removal defeats diversity jurisdiction). Still, given that no court has addressed it, we leave it to the magistrate judge to do so in the first instance. *See Meyers v. Iowa Bd. of Regents*, 30 F.4th 705, 710 (8th Cir. 2022); *see also BP p.l.c. v. Mayor & City Council of Balt.*, 141 S. Ct. 1532, 1543 (2021).

## III.

We accordingly vacate the order denying remand and return the case to the magistrate judge for reconsideration.

_____