# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1472

_____

Keilee Fant, individually and on behalf of all others similarly situated; Roelif Carter; Allison Nelson; Herbert Nelson, Jr.; Alfred Morris; Anthony Kimble; Donyale Thomas; Shameika Morris; Daniel Jenkins; Ronnie Tucker; Tonya DeBerry,

*Plaintiffs - Appellees*,

v.

City of Ferguson, Missouri,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 28, 2018
Filed: January 10, 2019

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Keilee Fant and ten others brought a putative class action against the City of Ferguson, alleging several constitutional violations under 42 U.S.C. § 1983. The City moved to dismiss six of seven counts based on sovereign immunity. The district

court[1] denied the motion, and the City seeks interlocutory review of this decision. Because the City disclaims any sovereign immunity for itself, and seeks only to invoke the sovereign immunity of a nonparty, we dismiss the appeal for lack of jurisdiction.

The six counts at issue stem from the City's alleged detention of plaintiffs for their inability to pay traffic fines. The City's motion to dismiss argued that sovereign immunity barred those claims because the alleged injuries are attributable to the Ferguson Municipal Court, which the City says is an arm of the State of Missouri. The district court denied the motion, concluding the City is not entitled to sovereign immunity, and that the amended complaint sufficiently alleges that the plaintiffs' injuries are attributable to the City.

Given that the litigation continues in the district court, the parties dispute whether there is a "final decision" over which this court has appellate jurisdiction. *See* 28 U.S.C. § 1291. The City invokes the well-established principle that an order denying a claim of sovereign immunity is subject to interlocutory appeal under the collateral order doctrine. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 141 (1993). That principle, however, does not apply where the party appealing disclaims any immunity of its own and instead seeks to invoke the immunity of a nonparty. Sovereign immunity protects certain entities against the indignity of suit and the burdens of litigation, *see id.* at 143-44, 146, but this justification for an exception to the final order rule is inapplicable where the claimed sovereign is not a party to the action. The City here does not claim an immunity of its own and instead asserts immunity of the Ferguson Municipal Court. The municipal court is not a party to the action, and we lack jurisdiction on this appeal to

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

address any potential claim of immunity by the municipal court that might arise in future litigation.

The City points out that this court exercised jurisdiction in *Webb v. City of Maplewood*, 889 F.3d 483 (8th Cir. 2018), where a city claimed sovereign immunity on the ground that a municipal court—allegedly an arm of the State—was the real party in interest. *Id.* at 485-86. In *Webb*, however, the city asserted its *own* alleged sovereign immunity. We exercised jurisdiction to determine whether there was merit to the city's claim that it was immune from suit. Here, by contrast, the City does not assert sovereign immunity of its own.

For these reasons, the City's interlocutory appeal is dismissed for lack of jurisdiction. The City's motion for judicial notice and conditional motion to remand are denied.

_____