# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-2020

_____

Melinda Myers; Barbara Stanerson; John Eivins; Liv Kelly-Sellnau; Christopher Taylor; Shuna Tosa, on Behalf of Themselves and Others Similarly Situated

*Plaintiffs - Appellees*

v.

Iowa Board of Regents

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: September 22, 2021
Filed: April 5, 2022

_____

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Employees of the University of Iowa Hospitals and Clinics sued the Iowa Board of Regents for alleged violations of the Fair Labor Standards Act's overtime pay provisions. The district court denied the Board's motion to dismiss, concluding that the Board constructively waived sovereign immunity from private enforcement of the FLSA. We affirm in part, reverse in part, and remand.

## I.

The University of Iowa Hospitals and Clinics ("UIHC") are state medical facilities operated and managed by the Iowa Board of Regents. Plaintiffs, current and former employees of the UIHC system, allege that UIHC violated the FLSA by paying overtime wages late. Although they get overtime pay each month, Plaintiffs claim their overtime wages are not paid with the regular wages earned during a particular pay period. Instead, overtime is paid at least one month later.

Plaintiffs sued the Board in Iowa state court, initially alleging only state law claims. The Board removed the case to federal court after Plaintiffs amended their complaint to include the FLSA claim. The Board filed a Rule 12(b)(1) motion to dismiss, arguing that the court lacked subject matter jurisdiction over the FLSA claim because the Board has state sovereign immunity and has not consented to private suits under the FLSA. The district court denied the motion, concluding that the University of Iowa's policies, in the context of Iowa's wage payment statutes, are a constructive waiver of sovereign immunity under Iowa law. The Board appeals.

## II.

We generally lack appellate jurisdiction to review the denial of a motion to dismiss because it is not a final decision of the district court. *See* 28 U.S.C. § 1291. However, the collateral order doctrine permits interlocutory appeal of a district court's denial of sovereign immunity. *Fant v. City of Ferguson*, 913 F.3d 757, 759 (8th Cir. 2019). "The key to our jurisdiction over an interlocutory appeal addressing sovereign immunity is whether the immunity is an 'immunity from suit rather than a mere defense to liability.'" *Argonaut Great Cent. Ins. Co. v. Audrain Cnty. Joint Comm'ns*, 781 F.3d 925, 929 (8th Cir. 2015) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Because the Board's motion was based on sovereign immunity, *Lloyd v. State*, 251 N.W.2d 551, 555 (Iowa 1977) ("The immunity of the State is from suit rather than from liability."), we have jurisdiction to review the denial of

sovereign immunity and do so *de novo*.  *Prescott v. Little Six, Inc.*, 387 F.3d 753, 756 (8th Cir. 2004), *abrogated on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

## III.

### A.

The Tenth Amendment prohibits Congress from using its Article I authority to "subject nonconsenting States to private suits for damages in state courts." *Alden v. Maine*, 527 U.S. 706, 712 (1999).  As a state entity, the Board of Regents is immune from private suits under the FLSA unless Iowa has consented to private enforcement of the law.  The State can consent to suit by expressly or constructively waiving immunity.

In *Anthony v. State*, the Iowa Supreme Court held that the State expressly waived its immunity from suits seeking to enforce FLSA overtime provisions.  632 N.W.2d 897, 902 (Iowa 2001).  The court found that several sections of the Iowa Wage Payment Collection Law, Iowa Code § 91(A), and its implementing regulations incorporated FLSA wage and overtime pay standards.  *Id.* at 901–02.  Specifically, the court construed § 91A.2(7)'s definition of wages, "compensation owed by an employer," as incorporating the FLSA definition of wages.  *Id.* at 901.  "Although the impetus for state wage policy involving FLSA overtime pay is the mandate of the federal legislation," the court reasoned that Iowa "acceded to that mandate in a manner that establishes the resulting overtime remuneration as compensation owed by an employer."  *Id.*  The wage law also provides a private cause of action to recover unpaid overtime wages from employers, including the State and its agencies.  *Id.* at 902 & n.2 (citing § 91A.8).  Further, Iowa Code § 19A.9(2) requires the director of the department of personnel to adopt rules providing pay plans for state employees.  *Id.* at 901–02.  Those rules similarly include or adopt FLSA definitions of overtime, overtime covered employees, and overtime eligible job classes.  *Id.* at 902 (citing Iowa Admin. Code R. 581-1.1; Iowa

-3-

Admin. Code rule 581-4.11(2)). Because "the statutory scheme for deriving pay plans ha[d] been implemented in a manner that includes FLSA overtime remuneration as compensation owed by an employer," the court concluded that the Iowa statute "provide[s] an express consent to sue in the Iowa courts for purposes of recovering any compensation thus owed." *Id.* at 902.

The logic of *Anthony* goes like this: in § 91A.8, the state legislature consented to private suits to recover unpaid wages owed by state employers. Section 91A also defines "wages" in a manner that the Iowa Supreme Court saw as encompassing FLSA overtime pay. Separately, the legislature required the director of personnel to create pay plans for state employees. And the resulting plans guaranteed FLSA overtime pay. So, because the State promised FLSA overtime to its employees, and the statutory consent to recover "wages" broadly includes unpaid FLSA overtime pay, the legislature's consent to private suit in § 91A.8 also operates to provide express consent to private enforcement of the FLSA itself.

*Anthony* is not dispositive. Iowa Code § 8A.413(1), which replaced § 19A.9(2), specifically excludes "employees of the state board of regents" from the classifications and pay plans that the director is required to establish for the rest of the state workforce. This means that the administrative rules and pay plans providing for FLSA overtime do not apply to the Board. The Board is only required to "adopt rules not inconsistent with the objectives of this subchapter" for its employees.[1] § 8A.412(5). Rather than adopt formal pay plans, the Board has executed pay plans for the UIHC employees through collective bargaining. Though prior versions did address overtime, the current collective bargaining agreement does not include an overtime section or a provision incorporating FLSA overtime standards.

---

[1]The "general purpose" of subchapter 8A.4 is to "establish for the state of Iowa a system of human resource administration based on merit principles and scientific methods to govern" employment decisions. § 8A.411(1).

-4-

Based on this, the district court concluded that the State had not *expressly* waived the Board of Regents' sovereign immunity. We agree. The Iowa Supreme Court's reasoning in *Anthony* relied on the administrative rules implementing FLSA overtime standards in response to the legislature's directive to provide pay plans for state employees. In the Iowa Supreme Court's view, this regulatory guarantee of FLSA overtime wages combined with a private cause of action to recover unpaid wages from state employers amounted to express waiver of immunity from suits under the FLSA itself. But § 8A.413 breaks the chain of consent by exempting the Board from those administrative pay plans. In other words, FLSA overtime isn't guaranteed for Board of Regents employees. And because its own pay agreements don't separately provide FLSA overtime standards, the Board hasn't consented to private accountability to those standards. Because neither the legislature nor the Board has guaranteed FLSA overtime standards to Board employees, unlike in *Anthony*, the Iowa Wage Payment Collection Law's private cause of action cannot work as an express consent to suits under the FLSA itself.

B.

Next, we ask whether the Board *implicitly* consented to suit. Unlike the federal courts' rejection of implied waiver, Iowa courts retain the doctrine of constructive waiver of sovereign immunity. *Compare Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 680–82 (1999) (federal rejection of constructive waiver), *with Lee v. Polk Cnty. Clerk of Ct.*, 815 N.W.2d 731, 741–42 (Iowa 2012) (applying constructive waiver doctrine). Constructive waiver is a separate and distinct theory of waiver "based on the public policy that it would be abhorrent to permit the State to enter into contracts with no corresponding obligation to perform its promises under the contract." *Lee*, 815 N.W.2d at 741. When the State enters into a contract or otherwise voluntarily assumes legal consequences, courts may find the government constructively waived its immunity from suit. *See, e.g.*, *State v. Dvorak*, 261 N.W.2d 486, 488–89 (Iowa 1978); *Kersten Co., Inc. v. Dep't of Soc. Servs.*, 207 N.W.2d 117, 122 (Iowa 1973). "[P]rovisions contained in state employee handbooks can support constructive waiver of sovereign

immunity," even when the provisions don't create an enforceable contract. *Lee*, 815 N.W.2d at 742.

Plaintiffs argue that UIHC's policies create the legal consequence of accountability to the FLSA. In support they point to several employment materials, including the University Operations Manual, Employee Manual, Employee Handbook, and Human Resources website, that reference or incorporate FLSA overtime standards. The University HR website goes so far as to state that "[e]mployees working in excess of 40 hours per week are required to be paid overtime premium pay, unless they qualify for exemption from the FLSA requirement." Plaintiffs argue that this shows that the Board has voluntarily accepted the legal consequences of the FLSA. The district court reasoned that "regardless of whether UIHC's policies and agreements establish enforceable provisions of a contract, the Board can be presumed to have entered into these employment agreements and drafted its employee policies with knowledge of the condition of Iowa law defining payments made under them as 'wages' subject to the IWPCL." *Myers v. Iowa Bd. of Regents*, 458 F. Supp. 3d 1075, 1083 (S.D. Iowa 2020) (citation omitted). It then concluded that the Board constructively waived sovereign immunity because the "agreements and policies, placed in context of the IWPCL statutory scheme, reflect[] that [the Board] has 'acceded to that mandate of the FLSA in a manner that establishes the resulting overtime remuneration as compensation owed by an employer.'" *Id.* (quoting *Anthony*, 632 N.W.2d at 901) (cleaned up). In other words, because the Board was aware of the statutory scheme described in *Anthony*, the UIHC policies guaranteeing overtime show the Board accepted the legal consequences of the FLSA overtime provisions such that it constructively waived its immunity to suits under the FLSA.

But the district court's reasoning assumes that UIHC's policies and agreements are attributable to the Board. However, it did not make a specific finding on that issue—that the Board authorized, adopted, or otherwise approved the policies and agreements. The University of Iowa system is subordinate to the Board of Regents. Though the University of Iowa system may benefit from the Board's

immunity at times, the University lacks independent authority to abrogate it. *Cf. City of McGregor v. Janett*, 546 N.W.2d 616, 620 (Iowa 1996) (citation omitted) ("This court has long held that acts by individual members of a public body, even when concurred in by the majority, cannot bind the municipality unless officially sanctioned in accordance with the statute."). This is especially true in constructive waiver, which centers on voluntary acceptance of legal consequences. Unless UIHC has the authority to bind the Board to an agreement, it cannot accept legal consequences on the Board's behalf. Only the Board's conduct can constructively waive its immunity.[2]

Because the district court did not address this issue, and it affects our subject matter jurisdiction, we remand for the district court to consider in the first instance whether the legal consequences of UIHC's policies and agreements can be imputed to the Board. *Cf. Alexis Bailly Vineyard, Inc. v. Harrington*, 931 F.3d 774, 780 (8th Cir. 2019) ("Although the issue was briefed before the district court, the district court did not reach it and it is our practice to remand such claims '[w]hen it would be beneficial for the district court to consider an . . . argument in the first instance.'").

IV.

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

_____

---

[2]Presumably the conduct of a superior state entity, like the legislature, could also constructively waive the Board's immunity.