# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 26, 2022
Lyle W. Cayce
Clerk

No. 22-30622

In re: Calvin Levy,

*Petitioner.*

---

Petition for a Writ of Mandamus to
the United States District Court
for the Eastern District of Louisiana
No. 2:21-CV-1993

---

Before King, Jones, and Smith, *Circuit Judges*.

Per Curiam:

The plaintiff, Calvin Levy, petitions for a writ of mandamus directing the district court to remand this removed action to state court for want of federal-court jurisdiction. This matter arises from a traffic collision. Levy is a citizen of Louisiana, as is the driver of the other vehicle, defendant Emile Dumesnil. At the time of removal by diverse defendant Zurich American Insurance Company ("Zurich"), neither Dumesnil nor defendant Dynamic Energy Services International, LLC, had been served.[1]

Levy initiated an action in Louisiana state court against the three defendants. Zurich—the only defendant that had received service of

---

[1] Dynamic claims to be a citizen of Louisiana, and nothing in the record indicates otherwise. The amount in controversy is admitted to be in excess of $75,000.

process—promptly removed to federal court, asserting that removal was proper under 28 U.S.C. § 1441(b)(2), otherwise known as the "forum-defendant rule." That statute provides that an "action otherwise removable solely on the basis of [diversity] jurisdiction under [28 U.S.C. § 1332(a)] "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." According to Zurich, it could remove to federal court because Dumesnil—a citizen of the forum state—had not yet been served.

The problem for these defendants, however, is the passage in § 1441(b)(2) that limits it to "action[s] otherwise removable" on no basis other than § 1332(a), the statute that confers diversity jurisdiction. By reading §§ 1441(b)(2) and 1332(a) together, we know that removal under § 1441(b)(2) is permissible only if complete diversity exists among all *named* parties: Each plaintiff must be diverse from each defendant, *i.e.*, there must be what is known as "complete diversity." *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806); *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). Moreover, "diversity of citizenship must exist *both* at the time of filing in state court and at the time of removal to federal court." *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386 (5th Cir. 2018) (quoting *Coury v. Prot*, 85 F.3d 244, 248–49 (5th Cir. 1996)).

In *New York Life Insurance Co. v. Deshotel*, 142 F.3d 873 (5th Cir. 1998), we explained that the complete-diversity requirement cannot be circumvented through failure to serve a party that would otherwise destroy complete diversity. Rather, when determining whether complete diversity exists, a court looks to the parties named in the action:

> A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction

No. 22-30622

in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.

*Id.* at 883 (citing, *inter alia*, *Pullman Co. v. Jenkins*, 305 U.S. 534, 540–41 (1939)). The reason for this rule is straightforward: In an effort to manufacture complete diversity, a non-forum defendant "should not be permitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected." *Pullman*, 305 U.S. at 541.[2]

Here, there are a named plaintiff and at least one named defendant who are both citizens of Louisiana; that destroys complete diversity. Because diversity jurisdiction was the only asserted basis for removal, this case should be remanded to state court. The defendants, however, unnecessarily complicate this simple analysis, citing inapposite caselaw regarding "snap removals." A snap removal is a term of art used to describe a defendant's proper invocation of § 1441(b)(2) to remove an action before a named co-defendant, who is a citizen of the forum, has been served. If the unserved co-defendant had already been served, then removal would not be permissible.

---

[2] A leading treatise states the governing law flatly as follows:

> Although [§ 1441(b)(2)] specifies that only "properly joined and served" defendants are considered for purposes of the forum-defendant rule . . ., it does not specify whether unserved defendants are to be considered in determining the existence of diversity for removal purposes. Nevertheless, the law seems to be settled that whether defendants have been served is irrelevant; diversity for purposes of removal is based on the citizenship of all parties named in the complaint.

16 James W. Moore et al., Moore's Federal Practice § 107.52[1], at 107-77 to 107-78 (3d ed. 2022). The only Fifth Circuit decision that the treatise cites is *Deshotel*, which is consistent with the decisions of the other circuits that have decided the issue. From the other federal circuits, Moore's cites *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981), and *Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 78–79 (9th Cir. 1979).

No. 22-30622

The defendants mainly rely on *Texas Brine Co., LLC v. American Arbitration Association, Inc.*, 955 F.3d 482 (5th Cir. 2020), where we authorized the use of snap removals in this circuit. The parties in *Texas Brine* were completely diverse; indeed, we began our analysis by confirming as much. *Id.* at 485 ("Here, the district court had subject-matter jurisdiction because each defendant was diverse from the plaintiff."). Furthermore, the extra-circuit cases we relied on in *Texas Brine* all confirmed that their parties were completely diverse as well.[3] "[T]he forum-defendant rule is a procedural rule and not a jurisdictional one." *Texas Brine*, 955 F.3d at 485. Accordingly, it cannot confer jurisdiction where jurisdiction does not exist.

The parties disagree as to whether *Deshotel* or *Texas Brine* is the precedent that informs jurisdiction in this case. The answer is twofold. First, if those decisions were in conflict, the earlier one—*Deshotel*—would control under this circuit's rule of orderliness. Second, it turns out that there is no conflict, as we now explain.

The key is that where—as here—there is no other basis for subject matter jurisdiction, no case can be successfully removed unless diversity is complete. That follows from the fact that a case is not removable if the plaintiff could not have brought it in federal court in the first instance, and diversity must be complete for a matter relying solely on diversity jurisdiction to be filed initially in federal court. A further limitation is that a defendant may not

---

[3] *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 n.2 (2d Cir. 2019) ("The parties do not contest that the plaintiffs in all fifteen actions now before this Court are diverse from Defendants."); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 149 (3d Cir. 2018) ("Encompass, a citizen of Illinois, then brought the instant action against Stone Mansion, a Pennsylvania corporation"); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship, as LSERS concedes there was, the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."), *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001) (maintaining analysis addressed here).

No. 22-30622

remove an otherwise-removable matter if any properly joined defendant is a citizen of the forum. But under § 1441(b)(2), as quoted above, that further limitation applies only to resident defendants that have been served by the time of removal.

That is what *Deshotel* says: Complete diversity is still required even if one or more defendants have not been served; citizenship is what counts. So in a situation of complete diversity, a case can be removed despite the presence of a resident defendant, but only if that defendant is unserved. *Texas Brine* governs a case with complete diversity.

But that reasoning is inapplicable here, because, as in *Deshotel*, complete diversity is wanting. A defendant's "non-diverse citizenship cannot be ignored simply because he was an unserved defendant." *Deshotel*, 142 F.3d at 540.

The ruling in *Deshotel* is absolute and admits of no exceptions. Despite that Levy relied heavily on *Deshotel* in his motion to remand, the district court, in denying that motion, never mentioned it. It is also telling that in their opposition to the mandamus petition, the defendants omit any reference to *Deshotel*. And though it would have been helpful for purposes of reconciling the two decisions, *Texas Brine* does not cite *Deshotel*.

In sum, the critical distinction is whether diversity is complete. In that regard, Levy, in his mandamus petition, correctly posits that "*Texas Brine* is consistent with *Deshotel*," based on the fact that "[i]n *Texas Brine*, unlike [*Levy*], diversity was complete. Had the *Texas Brine* plaintiff wanted, it could have filed its case originally in federal court. Mr. Levy, by contrast, could not have done so."

Because the only basis for removal in this case was diversity jurisdiction, and complete diversity is lacking, the district court must dismiss for

5

No. 22-30622

want of jurisdiction. Confident that the court will carry out this directive, we DENY the petition for writ of mandamus without prejudice.[4]



**Certified as a true copy and issued
as the mandate on Oct 26, 2022**

**Attest:**

**Clerk, U.S. Court of Appeals, Fifth Circuit**

---

[4] "We decline to issue the writ of mandamus at this time, as we are confident that the district court will reconsider its ruling in light of this opinion." *In re Avantel, S.A.*, 343 F.3d 311, 314 (5th Cir. 2003).