# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2023

Lyle W. Cayce
Clerk

———————

No. 23-10192

———————

Partners & Friends Holding Corporation,

*Plaintiff—Appellant*,

*versus*

Cottonwood Minerals, L.L.C.; Longboat Energy, L.L.C.,

*Defendants—Appellees*.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2502

———————

Before Davis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Partners & Friends sued to recover some of the $850,000 Cottonwood obtained in a title dispute related to oil and gas leases. The district court dismissed Partners' claims with prejudice and awarded fees to Longboat. We affirm.

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10192

## I.

Longboat Energy, LLC, owns working interests in certain oil and gas leases ("the Disputed Acreage"). Longboat's rights in the Disputed Acreage were clouded by a 2017 agreement with CCCB Energy Partners, LLC, so Longboat entered into a joint participation agreement with Partners & Friends ("Partners") and two other entities. Partners agreed to fund 70% of the costs Longboat incurred resolving its title dispute with CCCB. In exchange, Longboat promised to make a good faith attempt to obtain clear title to the Disputed Acreage, to share with Partners a portion of its working interests in some of the wells, and to use part of any monetary recovery to pay down Partners' share of the dispute resolution costs.

Longboat then filed a lawsuit against CCCB, and the parties settled in August 2020. The settlement agreement provided Longboat and CCCB would cancel their 2017 agreement, freeing Longboat from any limitations on its rights in the Disputed Acreage. CCCB did not agree to pay Longboat any money.

In the same 2020 settlement agreement, Cottonwood, LLC, a Longboat affiliate, resolved a separate dispute related to its interests in oil and gas leases owned by CCCB. Through the settlement, Cottonwood relinquished those interests to CCCB in exchange for $850,000. Partners apparently thought the settlement agreement obligated CCCB to pay $850,000 to Longboat (as opposed to Cottonwood), so it demanded Longboat turn over a portion of the payment in accordance with the joint participation agreement. Longboat refused, maintaining it received no money in the settlement and so had nothing to share.

That answer did not satisfy Partners, so it filed this lawsuit. Partners presses three theories. First, Partners claims Longboat breached the joint participation agreement by withholding Partners' share of CCCB's

2

settlement payment. Second, Partners alleges Longboat fraudulently induced it to enter into the joint participation agreement by disingenuously promising to share monetary settlement proceeds. Lastly, Partners contends even if Longboat did not breach the agreement, Cottonwood is obligated to disgorge a portion of CCCB's payment under the money had and received doctrine.

Longboat and Cottonwood filed a motion to dismiss all three claims and attached the settlement agreement. The district court granted the motion in full. First, it held Partners' breach of contract claim against Longboat failed because the agreement made clear Longboat did not recover any money in the settlement. Second, it held Partners' fraudulent inducement claim against Longboat failed because Partners did not allege with particularity any fraudulent statement made by Longboat. Third, it held Partners' equitable money had and received claim against Cottonwood failed because express contracts governed the relationships between all the relevant parties. Partners requested leave to amend its complaint in its response to defendants' motion to dismiss, but the district court disregarded the request and dismissed Partners' claims with prejudice.

After the dismissal, Longboat moved for $115,475.50 in attorneys' fees pursuant to a fee-shifting provision in the joint participation agreement. Partners conceded Longboat was entitled to a fee award, but it lodged various objections to the size of Longboat's fee request. The district court generally rejected Partners' challenges. But the district court agreed that Longboat impermissibly requested fees its attorneys incurred solely to defend Cottonwood, who was not a party to the joint participation agreement and so was not entitled to fee shifting. The district court reduced Longboat's fees by 5% and entered an award for $109,701.72.

Partners timely appealed the district court's dismissal of its claims, its denial of Partners' motion for leave to amend its complaint, and its fee award.

No. 23-10192

II.

As always, jurisdiction is first. Partners appeals from the final decision of a district court, so we have jurisdiction under 28 U.S.C. § 1291. Two other jurisdictional issues merit discussion.

First, because this case involves one or more LLCs and 28 U.S.C. § 1332, we must ensure the parties properly established diversity jurisdiction in the district court. This is an evergreen problem in our circuit. *See, e.g.*, *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (emphasis added) ("[T]o establish diversity jurisdiction, a party 'must specifically allege the *citizenship* of every member of every LLC.'")); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("[T]he party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties.") (quotations and alterations omitted). But here, Longboat and Cottonwood properly removed to federal court by alleging the *citizenship* of each of the LLCs' members. Longboat and Cottonwood are Oklahoma citizens and Partners is a citizen of Wyoming and Florida. Defendants therefore established complete diversity. *See In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (per curiam).

Second, Partners filed only one notice of appeal, and that notice pre-dated the district court's fee-shifting order. Ordinarily, that would leave us without jurisdiction to consider its objections to the fee award. *See Quave v. Progress Marine*, 912 F.2d 798, 801 (5th Cir.), *on reh'g*, 918 F.2d 33 (5th Cir. 1990). But Partners filed a docketing statement that clearly noticed its intent to appeal the fee order, and that served as the "functional equivalent" of a notice of appeal. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17 (1988); *see Cobb v. Lewis*, 488 F.2d 41, 45 (5th Cir. 1974) ("[T]he notice of appeal requirement may be satisfied by any statement, made either to the

district court or to the Court of Appeals, that clearly evinces the party's intent to appeal."); *see also* 1979 Advisory Committee Note, FED. R. APP. P. 3(c) ("[S]o long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with."). Accordingly, we may proceed to the merits of Partners' objections to the fee award. *See HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1199 n.8 (10th Cir. 2017) ("[O]ur jurisdiction [to consider a post-judgment fee award] will not be defeated if other papers (like a docketing statement) . . . filed within the thirty-day time period for filing the notice of appeal provide the functional equivalent of what Rule 3 requires." (quotation and citation omitted)).

## III.

We review *de novo* the district court's Rule 12(b)(6) dismissal of Partners' claims. *See Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Applying that standard, we (A) reject Partners' breach of contract claim against Longboat. Then we (B) reject Partners' fraudulent inducement claim against Longboat. Lastly, we (C) reject Partners' money had and received claim against Cottonwood.

## A.

Partners alleges Longboat breached the joint participation agreement by denying Partners a share of CCCB's $850,000 settlement payment. But the settlement agreement makes clear CCCB agreed to pay Cottonwood, not Longboat. *See* **ROA.184** ("CCCB shall pay *Cottonwood* the sum of Eight Hundred Fifty Thousand Dollars . . . ." (emphasis added)). The joint participation agreement obligated Longboat to remit to Partners a portion of any money *Longboat* recovered resolving its claims to the Disputed Acreage. Longboat did not breach by denying Partners a share of the money CCCB agreed to pay *Cottonwood*.

No. 23-10192

Partners presses three counterarguments. First, it contends we must accept its factual assertions about the contents of the settlement agreement. But the unambiguous text of the settlement agreement makes clear Partners' breach of contract claim is not "plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We are not bound by Partners' assertion to the contrary.

Second, Partners contends we may not consider the settlement agreement at this stage of the litigation. That argument fails for two reasons. First, Partners forfeited it by failing to object when Longboat attached the settlement agreement to its motion to dismiss. *See Rollins v. Home Depot USA*, 8 F.4th 393, 398 (5th Cir. 2021) ("We do not ordinarily consider issues that are forfeited because they are raised for the first time on appeal."). Second, and in any event, the settlement agreement was properly before the district court (and ours) because it was referenced in Partners' complaint and central to Partners' claims. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Finally, Partners contends even if CCCB only agreed to pay Cottonwood, CCCB may have made extra-contractual payments to Longboat related to the settlement. But Partners made no such allegation in its complaint. Partners may not rely on allegations it did not make in its complaint to survive defendants' motion to dismiss. *See Moore v. Home Depot U.S.A., Inc.*, 2017 WL 5180431, at *3 (M.D. La. Nov. 8, 2017) ("[I]t is well-established that a party cannot rely on facts outside the complaint on a motion to dismiss.") (citing *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010)).

## B.

Partners next alleges Longboat fraudulently induced it to enter the joint participation agreement by disingenuously promising to share monetary

settlement proceeds.[1] But Partners pleaded no facts establishing injury from this alleged misrepresentation. *See Int'l Bus. Machines Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 228 (Tex. 2019) (noting injury is an element of fraudulent inducement). As we have explained, Partners failed to state a claim that Longboat withheld settlement money. *See supra* Part III.A. Even assuming Longboat willfully misrepresented its intention to perform, Partners still got everything it bargained for under the joint participation agreement. Its fraudulent inducement claim accordingly fails.

## C.

Lastly, Partners asserts a money had and received claim against Cottonwood. "An action for money had and received arises when the defendant obtains money which in equity and good conscience belongs to the plaintiff." *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997). Partners alleges Longboat received $850,000 in the settlement and then transferred it to Cottonwood, so Cottonwood holds money that belongs to Partners. This claim falters on the same ground as the others; Partners has not plausibly alleged Longboat recovered money in the settlement. Thus, Partners cannot demonstrate an equitable entitlement to money obtained by Cottonwood.

## IV.

Partners requested leave to amend its complaint in its response to Longboat's motion to dismiss. *See* **ROA.266** ("[S]hould the Court desire to grant the Motion, Plaintiff alternatively requests that it be given an

---

[1] Partners' fraudulent inducement claim sounds in breach of contract. But under Texas law, a party can state a claim for fraudulent inducement in addition to breach when the breach is "coupled with a showing that the promisor never intended to perform under the contract." *Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*, 646 F.3d 321, 325 (5th Cir. 2011) (citing *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986)).

opportunity to amend its complaint before dismissal.”). The district court did not squarely address the request but implicitly denied it by dismissing Partners' claims with prejudice. We review for abuse of discretion. *See United States, ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

The district court did not abuse its discretion. That is because Partners' request for leave to amend was no more than a "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought." *Willard*, 336 F.3d at 387 (5th Cir. 2003) (quotation and citation omitted). Such a request "does not constitute a motion within the contemplation of Rule 15(a)," so the district court had no obligation to justify its implicit denial. *Id.* (citation omitted).

V.

The joint participation agreement between Partners and Longboat provides the prevailing party in any suit brought to enforce the agreement or "obtain any other remedy in respect of any breach of [the] agreement" is entitled to costs and reasonable attorneys' fees. **ROA.43–44.** Partners brought claims arising out of the agreement and Longboat prevailed, so the district court awarded Longboat costs totaling $402 and fees totaling $109,701.72. We review for abuse of discretion. *See Merritt Hawkins & Assocs., LLC v. Gresham*, 861 F.3d 143, 155 (5th Cir. 2017).

Partners raises three objections to the fee award. First, it argues Longboat's attorneys spent an unreasonable amount of time defending against the lawsuit. But Partners presents no evidence, and it is Partners' burden to provide "specific evidence to overcome the presumptive reasonableness of the base lodestar figure." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 501 (Tex. 2019).

No. 23-10192

Second, Partners contends the district court erred by awarding Longboat fees it incurred defending against Partners' fraudulent inducement claim. In Partners' view, Longboat may not recover these fees because Partners brought the fraud claim to impugn the validity of the joint participation agreement rather than to enforce it. But the joint participation agreement shifts fees for all suits "*in respect of* any breach of [the] agreement." **ROA.44** (emphasis added). "In respect of" is synonymous with "in respect to," which means "in relation to." *Respect*, WEBSTER'S NEW INTERNATIONAL DICTIONARY 2122–23 (2d ed. 1934; 1950). Partners' fraud claim depends on its breach claim, so the former undoubtedly relates to the latter. Longboat's fees related to the fraud claim are therefore recoverable.

Lastly, Partners contends the district court erred by awarding Longboat fees its attorneys incurred defending Cottonwood. But that is not what the district court did. Instead, it determined Longboat's attorneys would have incurred 95% of the fees they requested even if Partners had not sued Cottonwood at all.[2] The court properly reduced Longboat's fee request by 5% to ensure Partners was not forced to subsidize Cottonwood's litigation costs. Any further reduction would have stripped Longboat of compensation it was otherwise entitled to recover under the joint participation agreement and Texas law. *See Tony Gullo Motors I, LP v. Chapa*, 212 S.W.3d 299, 313–14 (Tex. 2006) (noting parties may recover fees incurred for two intertwined claims even if only one claim is eligible for fee shifting).

AFFIRMED.

---

[2] Partners does not argue this factual conclusion was clearly erroneous.