# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2024

Lyle W. Cayce
Clerk

———————

No. 24-20170

———————

Javier Anaya,

*Plaintiff—Appellant*,

*versus*

Schlumberger Technology Corporation,

*Defendant—Appellee*.

——————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1963

——————————————————————

Before Clement, Graves, and Willett, *Circuit Judges*.

Per Curiam:[*]

Javier Anaya appeals the district court's denial of his motion to remand to state court his action for damages based on negligence stemming from a motor vehicle accident in Texas. Because the district court properly denied Anaya's motion to remand, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20170

## FACTS AND PROCEDURAL HISTORY

On May 23, 2019, Javier Anaya, a resident of New Mexico, was transporting a load of drilling mud in an eighteen-wheeler in Reeves County, Texas, for his employer. At the same time, a convoy of vehicles was delivering coil tubing equipment to a wellsite located off County Road 424 (CR 424) for Schlumberger Technology Corporation (Schlumberger), a Texas corporation. The convoy included a front pilot vehicle driven by an employee of Eagle Express Enterprises, and three other vehicles driven by Schlumberger employees. Those three vehicles included a tractor towing a multi-articulated vehicle with a coiled tubing rig (the coil tubing truck), which was approximately 105 feet long, 15 feet wide, over 16 feet tall, and weighed some 250,000 pounds; a rear escort vehicle; and an eighteen-wheeler.

The convoy was parked along a private lease road (Private Lease Road) off CR 424 before trying to make a right turn into the westbound lane of CR 424. The front pilot vehicle turned right onto CR 424 and parked a short distance away in the westbound lane. Anaya was traveling on Farm to Market Road 2119 (FM 2119) and turned left onto CR 424 into the eastbound lane. The intersection of CR 424 and FM 2119 is approximately 1.25 miles from Private Lease Road. Anaya saw the front pilot vehicle parked in the westbound lane and the coil tubing truck parked on Private Lease Road. The front pilot vehicle driver saw Anaya turn onto CR 424 and radioed the other drivers that they were clear to turn into the westbound lane but also told them that Anaya was approximately a mile away. The coil tubing truck then began making the right turn into the eastbound lane of CR 424. The front pilot vehicle driver exited his vehicle and waved a reversible slow/stop sign above his head. But Anaya passed at a speed exceeding the posted 30 mph and was looking at his lap.

No. 24-20170

As Anaya approached the intersection of CR 424 and Private Lease Road, he noticed the coil tubing truck positioned head on in the eastbound lane in which he was driving. Anaya swerved to the right, made a hard left turn onto Private Lease Road, and flipped his eighteen-wheeler onto the passenger side in a ditch, hitting the back of the rear escort vehicle in the process. As the Schlumberger drivers approached Anaya's truck, he climbed out of the driver's side window and exited without assistance. Anaya said that he briefly lost consciousness and was not wearing a seatbelt. He also had cocaine metabolites in his system that he said were from using cocaine a few days prior to the accident.

Claiming a traumatic brain injury, chronic post-traumatic concussive headaches, and other injuries, Anaya and his common-law wife sued Schlumberger for negligence, negligence per se, and loss of consortium in state court in Harris County on June 2, 2020.[1] The following day, Schlumberger removed the case to district court on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[2] Schlumberger asserted that the case was properly removed under § 1441 because it had satisfied the procedural requirements, the case involved citizens of New Mexico and Texas, and the amount in controversy exceeded $75,000, in accordance with 28 U.S.C. § 1332. The district court, relying on 28 U.S.C. § 1442(b)(2) and *Latex Construction Co. v. Nexus Gas Transmission, LLC*, No.

---

[1] The district court later granted Anaya's common-law wife's motion to dismiss her loss of consortium claim because she was not married to Anaya at the time of the accident.

[2] Schlumberger was served with process by certified mail to its registered agent on June 5, 2020. The process of removing an action prior to service on the defendants is known as snap removal. *See Texas Brine Co. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020).

4:20-CV-1788, 2020 WL 3962247, at *1 (S.D. Tex. July 13, 2020), denied Anaya's subsequent motion to remand on March 29, 2021.

Following a bench trial, the district court found that Anaya's own negligence was greater than 50 percent and the proximate cause of his injuries. Thus, the district found that Anaya's negligence claims failed and barred his recovery of damages. Anaya then appealed the district court's order denying remand.

## STANDARD OF REVIEW

We review the denial of a motion to remand a case from federal court to state court de novo. *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014); *see also Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998). Schlumberger had the burden of proving that removal was proper. *See Texas Brine*, 955 F.3d at 485.

## DISCUSSION

Anaya asserts that the plain meaning of 28 U.S.C. § 1441(b)(2), the forum-defendant rule, requires remand. Anaya also asserts that the district court's reliance on *Latex*, 2020 WL 3962247, was misplaced, arguing that the *Latex* court and multiple circuit courts mistake an adjective clause for a conditional clause in § 1441(b)(2). Alternatively, Anaya asserts that § 1441(b)(2) is ambiguous and should be interpreted in line with congressional intent and good policy to disallow snap removal. Anaya further asserts that removal was an absurd result under *Thomas v. Reeves*, 961 F.3d 800, 816 (5th Cir. 2020) (Willett, J., concurring). We disagree.

Section 1441(b) states, in relevant part:

> (b) Removal based on diversity of citizenship. . . .
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may

not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).

Anaya first argues that snap removal is inappropriate because § 1441(b)(2) does not include any temporal limitation. According to him, the phrase "properly joined and served" is "a simple adjective phrase" that modifies "parties in interest," but it does not require the parties to have been served "prior to any removal attempt." Anaya then contends that even if snap removal is permitted in cases involving multiple defendants when an out-of-state defendant seeks removal, it is not allowed in a case such as this that involves a single forum defendant. He asserts that *Latex*, the case upon which the district court relied, is "poorly reasoned and does not support this twisted interpretation of the rule" that a single forum defendant can remove a case prior to being served. Instead, Anaya urges this court to look to a Kansas district court case, *FTS Int'l Servs., LLC v. Caldwell-Baker Co.*, No. 13-2039-JWL, 2013 WL 1305330, at *2 (D. Kan. Mar. 27, 2013), for a clear analysis of the language. However, *FTS* is neither controlling nor persuasive.

Instead, we look to our own precedent. This court has decided snap removal cases that offer controlling authority. *See In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022); *see also Texas Brine*, 955 F.3d at 485-86. Anaya's argument that snap removal is generally impermissible because § 1441(b)(2) does not include any temporal limitation is directly foreclosed by *Texas Brine*. 955 F.3d at 485-86. While *Texas Brine* did not address the specific issue of whether a lone forum defendant may remove a matter with complete diversity prior to service of process, which appears to be a matter of first impression in our circuit, we conclude that the logic of *Texas Brine* necessarily extends to such a case.

In *Levy*, this court said: "By reading §§ 1441(b)(2) and 1332(a) together, we know that removal under § 1441(b)(2) is permissible only if complete diversity exists among all *named* parties: Each plaintiff must be diverse from each defendant, *i.e.*, there must be what is known as 'complete diversity.'" 52 F.4th at 246 (quoting *Strawbridge v. Curtis*, 7 U.S. 267 (1806); *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003)). This court further said: "Moreover, diversity of citizenship must exist *both* at the time of filing in state court and at the time of removal to federal court." *Id.* (quoting *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386 (5th Cir. 2018)) (internal marks omitted). While there were three defendants—two forum and one diverse—in *Levy* and here there is only one, this matter does involve complete diversity. Anaya was a resident of New Mexico at the time of filing in state court and at the time of removal, and Schlumberger is a Texas corporation.

In *Texas Brine*, which involved two forum defendants and one out-of-state defendant, this court considered the question of "whether the forum-defendant rule prohibits a non-forum defendant from removing a case when a not-yet-served defendant is a citizen of the forum state." 955 F.3d at 485. This court acknowledged that it had not yet considered the snap removal issue, but cited cases from three other circuits that concluded § 1441(b)(2) allowed snap removal. *Id.* (citing *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001)).

This court also clarified that we consider both plain meaning and absurdity. *Id.*, 955 F.3d at 486. "When the plain language of a statute is unambiguous and does not lead to an absurd result, our inquiry begins and ends with the plain meaning of that language." *Id.* (internal marks omitted). More significantly, this court agreed with the Second Circuit's statement in

*Gibbons* that: "By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action. *Gibbons*, 919 F.3d at 705." *Id.* (internal marks omitted). This court also noted that Congress did not revise the "properly joined and served" language when it amended § 1441(b)(2) in 2011, despite the occurrence of snap removals. *Id.* This court then rejected the absurdity argument and concluded that, "[i]n our view of reasonableness, snap removal is at least rational." *Id.* The court also cited *Gibbons* for the proposition that "a reasonable person could intend the results of the plain language," and concluded that "the text is unambiguous." *Id.* at 486-87.

Importantly, in *Gibbons*, the Second Circuit concluded that even home-state defendants were entitled to remove diversity actions prior to service under § 1441(b)(2). 919 F.3d at 703-05. Likewise, the Third Circuit concluded that the forum defendant rule was unambiguous, and "[i]ts plain meaning precludes removal on the basis of in-state citizenship only when the [forum] defendant has been properly joined and served." *Encompass*, 902 F.3d at 152. The *Encompass* court further concluded that § 1441(b)(2) included the "properly joined and served" phrase to address "fraudulent joinder by a plaintiff," and the result was not absurd. *Id.* at 153-54.

As this court concluded in *Texas Brine*, § 1441(b)(2) is unambiguous and inapplicable until the defendant is served. Thus, the plain language of § 1441(b)(2), i.e., "properly joined and served," creates an exception allowing removal by even a forum defendant prior to being served with process. In so concluding, we reject Anaya's argument that Schlumberger was served for purposes of the statute because it is not supported by the record in this matter, as set out above. Further, we reject Anaya's absurdity

No. 24-20170

argument under *Texas Brine*.  955 F.3d at 486.  We also join that panel's agreement with the Second and Third Circuits, as discussed herein.

For these reasons and because the district court correctly denied Anaya's motion to remand, we AFFIRM.